JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America, ex rel. Anthony Rock

## DEFENDANTS
Support of Microcomputer Associates

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Teresa N. Cavenagh
Duane Morris LLP, 30 S. 17th Street
Philadelphia, PA 19103 215-979-1808

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☒ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | Act |
| | Medical Malpractice | | Leave Act | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 U.S.C. Sec. 3729 et seq.
Brief description of cause:
Submission of False Claims to U.S. Government Agencies

DEC - 4 2015

## VII. REQUESTED IN
COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
1,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  12/4/2015

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __United States__

Address of Defendant: __1819 John F. Kennedy Blvd., Philadelphia. PA__

Place of Accident, Incident or Transaction: __1819 John F. Kennedy Blvd., Philadelphia, PA__
*(Use Reverse Side For Additional Space)*

**15      6464**

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐  No☒XXX

Does this case involve multidistrict litigation possibilities?          Yes☐  No☒XXX
*RELATED CASE, IF ANY*:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
          Yes☐  No☒XX

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
          Yes☐  No☒XX

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
          Yes☐  No☒XX

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
          Yes☐  No☒XX

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) __31 U.S.C. Sec. 3729__

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, __Teresa N. Cavenagh__, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: __12/4/2015__          __Teresa N. Cavenagh__          __43845__
                                   Attorney-at-Law                    Attorney I.D.#
          **NOTE**: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.   DEC - 4 2015

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __12/4/2015__          _____          __43845__
                                   Attorney-at-Law                    Attorney I.D.#

CIV. 609 (5/2012)



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| United States of America, ex rel. | : | CIVIL ACTION |
| Anthony Rock | : | |
| v. | : | 15 **6464** |
| Support of Microcomputer Associates | : | NO. |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) (XX)

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

| | | |
|---|---|---|
| 12/4/2015 | Teresa N. Cavenagh | Relator |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-979-1808 | 215-689-1939 | TNCavenagh@duanemorris.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

DEC - 4 2015

PBT

#400

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL. ANTHONY ROCK,<br><br>     Plaintiffs,<br><br>    v.<br><br>SUPPORT OF MICROCOMPUTERS ASSOCIATES<br>and<br>EDWARD BLUMENTHAL<br>     Defendants. | *FILED IN CAMERA AND UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)*<br><br>CIVIL ACTION NO. **15   6464**<br><br>*JURY TRIAL DEMANDED* |

## COMPLAINT FOR DAMAGES AND OTHER
## RELIEF UNDER THE FALSE CLAIMS ACT

Pursuant to 31 U.S.C. § 3730(b)(1), Relator, Anthony Rock ("Relator"), on behalf of the United States of America, brings this civil action under the False Claims Act, 31 U.S.C. § 3729 *et seq* ("FCA"). In accordance with § 3730(b)(2) of the FCA, this Complaint is to be filed in camera and remain under seal for a period of at least 60 days and shall not be served on the Defendant until the Court so orders. The government may elect to intervene and proceed with the action within 60 days after it receives both the Complaint and the material evidence and information. In support of the Complaint, Relator alleges as follows:

## I. INTRODUCTION

   1. This case arises from the intentional and/or reckless conduct and fraudulent schemes of Defendant, Support of Microcomputers Associates ("SOMA") and Edward Blumenthal ("Blumenthal"( collectively "Defendants") and their violation of federal laws and regulations, including the Trade Agreement Act ("TAA"). Defendants knowingly sold non-TAA compliant goods and product manufactured in China, Malaysia and elsewhere to

numerous federal government agencies via its General Service Administration ("GSA") schedule contracts.

2.      In so doing, Defendants have submitted false claims for payment and have made or used false records and certifications to get claims paid in violation of the FCA.

## II.      JURISDICTION AND VENUE

3.      This action arises under the FCA to recover treble damages and civil penalties on behalf of the United States of America arising out of Defendants' violations of the FCA.

4.      Under §3732 of the FCA, this Court has jurisdiction over actions brought under the FCA.  Furthermore, jurisdiction over this action is conferred on this Court by 28 U.S.C. § 1331 because this civil action arises under the laws of the United States.

5.      Venue is proper in this district pursuant to § 3732(a) of the FCA, which provides that: "any action under §3730 may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by §3729 occurred."  Defendants reside in the Eastern District of Pennsylvania.  Moreover, at all times material hereto, Defendants have regularly conducted substantial business within the Eastern District of Pennsylvania.  In addition, proscribed acts by Defendants, among those that are the subject of this action, occurred in the Eastern District of Pennsylvania.  Venue is additionally proper in this district pursuant to 28 U.S.C. § 1391(b)(1)-(2).

## III.      FILING UNDER SEAL

6.      Under the FCA, this Complaint is to be filed *in camera* and remain under seal for a period of at least sixty (60) days and shall not be served on Defendants until the Court so orders.  The Government may elect to intervene and proceed with the action within sixty (60) days after the Government receives the Complaint.

7.      As required by the FCA, Relator will voluntarily serve on the United States a copy of the Complaint and all other relevant information in the form of a written

2

disclosure statement provided to the United States Attorney General and the United States Attorney for the Eastern District of Pennsylvania, containing information in his possession pertaining to the allegations contained in this Complaint.

## IV.     PARTIES

8.      Relator is a citizen and a resident of Marlton, New Jersey. Relator brings this action on behalf of the United States.

9.      From February 2009 until September 2015, Relator was a salesperson for SOMA. Among his sales duties, Relator was responsible for sales to government agencies via SOMA's GSA supply contracts. After he started working at SOMA, Relator was responsible for initiating SOMA's GSA Federal Supply Schedule ("FSS") contracts.

10.     Prior to joining SOMA, Relator had extensive experience with GSA FSS contracts with his former employer.

11.     As a result of his employment and position with SOMA, Relator has first-hand knowledge of the business operations of SOMA, the fraudulent and illegal conduct of SOMA in connection with its GSA FSS contracts, its repeated sales of non-TAA compliant goods and products to United States government agencies and the submission of false claims and false certifications with respect to Defendants' sales of non-TAA compliant goods to government agencies.

12.     Relator brings this action based on direct and independent knowledge. None of the actionable allegations set forth in this Complaint is based upon a public disclosure as set forth in 31 U.S.C. §3730(e)(4). Notwithstanding the same, Relator is an original source of the facts alleged in this Complaint. As a result of his employment with SOMA, Relator has first-hand knowledge of the business operations of SOMA and its intentional and/or reckless disregard and fraudulent conduct in connection with its sales of non-TAA compliant goods and products to government agencies. Prior to filing this Complaint, Relator voluntarily provided information regarding SOMA's illegal conduct and false certifications to the federal government.

3

13.     Defendant SOMA is incorporated under the laws of the Commonwealth of Pennsylvania.  SOMA's principal place of business is at 1819 JFK Boulevard, Philadelphia, Pennsylvania.

14.     SOMA supplies computers, copiers, printers and various computer components and supplies to private and government entities.

15.     Defendant Edward Blumenthal ("Blumenthal") is the President and Treasurer of SOMA.  Blumenthal solely directs and manages the business and operations of SOMA.  Upon information and belief, Blumenthal resides in Lafayette Hills, Pennsylvania.

## V.     **APPLICABLE LEGAL FRAMEWORK**

### A.     TAA AND THE FEDERAL SUPPLY SCHEDULE CONTRACTS

16.     The TAA governs trade agreements negotiated between the United States and other countries.  It was enacted to approve and implement trade agreements negotiated under the Trade Act of 1974.

17.     The TAA applies to federal procurements valued in excess of certain threshold amounts.

18.     If the value of a government contract exceeds the TAA threshold, the TAA requires that those goods sold to the United States or its agencies must be manufactured in the United States or a TAA Designated Country.

19.     TAA Designated Countries include those with a free trade agreement with the United States, countries that participate in the World Trade Organization Government Procurement Agreement and various "least developed countries."  The full list of Designated Countries appears in Federal Acquisition Regulations ('FAR") § 25.300.

20.     The People's Republic of China ("China") and Malaysia, among other countries, are not on the list of TAA Designated Countries.

21.     FSS contracts are long-term, multiple-awardee, indefinite-quantity government contracts principally administered by the GSA. 41 U.S.C. § 259(b)(3)(A).

4

22.     A vendor that is awarded an FSS Contract must publish an "Authorized Federal Supply Schedule Pricelist" for every product or service it offers under the contract or schedule.

23.     Federal agencies can then order products or services from the contractor, up to maximum amounts, at the agreed prices and under the agreed terms and conditions, for the duration of the FSS contract. *See* FAR Subpart 8.4.

24.     The GSA has determined that the TAA applies to every FSS contract because the anticipated dollar value of every FSS Contract automatically exceeds the TAA threshold. *See* GSA Basic Schedule Ordering Guideline 25. Thus, absent narrow exceptions, only products made or substantially transformed in the United States or in a Designated Country can be offered or sold under the FSS Contracts.

25.     To implement this TAA requirement, GSA FSS contractors are required to certify that, unless the Government specifically agrees to an exception, all products for sale under a FSS Contract will comply with the TAA.

26.     FSS Contracts contain the TAA clause, FAR §52.225-5 (Jan. 2005), which sets forth the requirements of the TAA.  FSS contractors execute a Trade Agreements certificate when bidding on an FSS Contract:

> (a) the offeror certifies that each end product, except those listed in paragraph (b) of this provision[,] is a U.S. made or designated country end product as defined in the clause of this solicitation entitle "Trade Agreements." (b) the offeror shall list as other end products those supplies that are not U.S.-made or designated country end products.

FAR § 52-225-6 (Jan. 2005).

27.     The FAR also require government contracting officers to include a substantially identical Trade Agreement certificate in any other definite or indefinite-quantity contract the dollar value of which exceeds the applicable TAA threshold. *See* FAR § § 25.403(b); 25.1101(c).

5

28.     The Trade Agreements certificate is a material term of all government contracts in which it appears, and the contractor's compliance with the certificate is a condition of payment for goods delivered under those contracts.

29.     In addition to the TAA issues, GSA FSS contracts also require that the price offered to GSA be the best or lowest price that the seller offers to other purchasers. GSA Acquisition Manual § 552.238-75.

B.     THE FALSE CLAIM ACT

30.     The FCA imposes liability upon any person who: (a)"knowingly presents or causes to be presented [to the government] a false or fraudulent claim for payment or approval"; or (b)"knowingly makes, uses, causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(A) and (B), as amended.

31.     The FCA imposes liability not only for intentionally false or fraudulent conduct, but also where  an individual "acts in deliberate ignorance of the truth or falsity of the information" or "in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1)(A)(ii) or (iii).

32.     The FCA defines material as "having a natural tendency to influence or be capable of influencing the payment or receipt of property or money." 31 U.S.C. § 3729(b)(4).

## VI.     SOMA'S FALSE CLAIMS AND FALSE CERTIFICATIONS OF COMPLIANCE WITH THE TAA

33.     Since 2009 and continuing through at least September 2015, Defendants have been and are intentionally and knowingly selling non-TAA compliant products to the United States and its agencies in violation of the TAA and related authorities.

34.     In 2009, SOMA entered into the first of two FSS Contracts with the GSA.

35.     SOMA' first GSA contracts was GS-02F-0046W, Schedule 75.  Since 2009 through September 2015, SOMA has sold in excess of $25,000,000 in goods to federal government agencies under that FSS Contract.

6

36.     In 2011, SOMA entered into its second FSS Contract, GS-35F- 0077Y, Schedule 70.  Since 2011 through September 2015, SOMA has sold in excess of $749,000 in goods to federal government agencies under that FSS Contract.

37.     United States agencies to whom SOMA has sold in excess of $500,000 in goods since 2009 are the: Department of Agriculture, Department of Defense Office of the Secretary of Defense, Department of Homeland Security, Department of Justice, Department of the Air Force, Department of the Army, Department of the Interior, Department of the Navy, Department of Health and Human Services, Department of State, and Department of Veterans Affairs.

38.     In addition to these agencies, since 2009, SOMA has also sold printers, scanners, computers and other goods to other agencies of the United States including the: the Corps of Civil Engineers, Department of Commerce, Department of Energy, Department of Labor, Department of the Treasury, the Environmental Protection Agency, National Aeronautics and Space Administration, Office of Personnel Management, Securities and Exchange Commission, Small Business Administration, and Social Security Administration.

39.     SOMA's FSS Contracts are covered by the TAA's country of origin provisions, such that only products made in the United States or a Designated Country may be offered and sold to the United States agencies under those contracts.

40.     By the express terms of SOMA's FSS Contracts, SOMA certified that it would sell only products that originate in the United States or Designated Countries and that it would not sell products to the United States that originate in Non-Designated Countries, such as China and Malaysia.

41.     SOMA currently has over 29,000 products listed for sale to United States government agencies through the GSA Advantage website.

42.     A substantial portion of the goods sold by SOMA through its two FSS Contracts were non-TAA compliant.  SOMA routinely secures Non-TAA compliant products from its suppliers and knowingly sells those non-compliant products to numerous government

7

agencies. The country of origin for those products is never disclosed to the government agencies, despite SOMA's certifications that the products are TAA compliant.

43.     Many of the non-compliant goods sold to government agencies are Hewlett Packard ("HP") printers and scanners made in the People's Republic of China ("China") and Malaysia. In particular, two non-compliant HP products repeatedly sold by SOMA to government agencies are L2737A and L2737A#BGJ.

44.     China and Malaysia are not TAA Designated countries.

45.     Examples of some very recent SOMA sales to United States agencies of HP non-TAA compliant printers and scanners made in China are as follows:

| AGENCY | DATE | PRODUCT | PO# | SERIAL # |
|--------|------|---------|-----|----------|
| Air Force | 9/21/15 | HP Scanner | NGAKW95133N | CN539E9490 |
| Air Force | 9/11/15 | HP Scanner | NGAKX33854N | CN54HE9353 |
| Navy | 4/17/15 | HP Printers | NGAKR30933N | CN4744Y039 |
| Bureau of Prisons | 4/17/15 | HP Scanner | NGAKR30628N | CN4ASB705W |
| DOD – Cyber Crime | 4/17/15 | HP Printers | NGAKR40101N | CNDFF01856 CNDFF01860 CNDFF01861 |
| Independence National Park | 4/17/15 | HP Printer | NGAKR41239N | CN4BTEX423 |
| Bureau of LaborStatistics | 4/17/15 | HP Printer | NGAKR34535N | CNGCH3321Q1 |
| Commerce Dept. | 4/17/15 | HP Printer | NGAKR30110N | CNDCH2S0KN |
| NIH | 4/17/15 | HP Printer | NGAKR31127N | CNB8GDGCS1 |
| Air Force | 4/17/15 | HP Printer | NGAKR32146N | CNDCH2M0SL |
| Navy | 4/15/15 | HP Scanner | NGAKP78531N | CN517D9309 |

8

| Air Force | 4/15/15 | HP Printer | NGAKR25669N | CNGCH332QG |
| Interior Dept. | 4/15/15 | HP Printer | NGAKR19757N | CNGCH332PV |
| Air Force | 4/15/15 | HP Printer | NGAKR01744N | CNB7H288JR |
| Bureau of Prisons | 4/15/15 | HP Scanners | | CN51CD9294 CN51CD9320 |
| National Archives | 3/30/15 | HP Printer | NGAKQ75855N | CNF8H1D969 |
| Bureau of Reclamation | 3/30/15 | HP Printer | NGAKQ46662N | CNDG153722 |
| US Marshals | 3/25/15 | HP Printer | NGAKQ37437N | CNF8H1C340 |
| Homeland Security TSA | 3/23/15 | HP Printers | NGAKQ46212N | CNF8GBRD4 CNF8GBRB8M CNF8GBBDT |
| Homeland Security CBP | 3/20/15 | HP Printers | NGAKQ27840N | CN4APDW0FY CN4APDW0TT |
| US Marshals | 3/16/15 | HP Printer | NGAKQ17618N | CN4794Y01F |
| Agriculture | 3/16/15 | HP Printer | NGAKO91226N | CN467IK07J |
| DHHS | 3/13/15 | HP Printer | NGAKQ11516N | CN515HV1QX |
| DHHS | 3/13/15 | HP Printer | NGAKQ12043N | CN515HV1R4 |
| State Dept | 3/13/15 | HP Printers | NGAKP97872N | CN4C2JJ053 CN4C2JJ04C CN42CJJ03C CN4C2JJ03K |
| Agriculture | 3/9/15 | HP Printer | NGAKP98698N | CNB7GCD1ZW |
| DOE | 3/9/15 | HP Scanner | NGAKP93480N | CN4BKD704J |

9

| Army SC Hosp. | 3/5/15 | HP Printers | NGAKP82989N | CNB8G91CNW CNB8G91CT9 |
|---|---|---|---|---|
| Army LA Hosp. | 3/5/15 | HP Printers | | CNDCGC50YX CNDCGC50YN |
| Army FT Bliss | 3/2/15 | HP Printer | NGAKO52946N | CN47M4Y01D |
| Army | 2/27/15 | HP Printer | NGAKP70580N | CNB7GCW9QH |
| Bureau of Prisons | 2/27/15 | HP Scanner | NGAKP58510N | CN48NB701W |
| Navy | 2/16/15 | HP Printer | NGAKP33317N | CN4C1E05T CN4C1E308M |
| DHHS | 2/13/15 | HP Printer | NGAKP26699N | CN4BQE32Q1 |
| TSA | 2/13/15 | HP Printer | NGAKP21435N | CN4CCJX06Y |
| Agriculture | 2/13/15 | HP Printers | GAKP22816N | CN4APDW0Z7 CN4APDW17D CN4CBEX04D CN4CBEX04J CN4CBEX04V CN4CBEX0N9 |
| Veterans Affairs | 2/13/15 | HP Printer | 657-P5734 | CN4CDEX2SV |
| DHHS | 2/12/15 | HP Printer | NGAKP26626N | CN4C1E311W |

46.     The sales listed in paragraph 44 are representative of the thousands of sales of non-TAA compliant goods by Defendants to government agencies since 2009.

47.     In addition to the HP non-TAA compliant products sold to government agencies, SOMA repeatedly sold non-TAA compliant goods from Dell, Samsung, Brother, Xerox, Lexmark, Ergotron and others to government agencies from 2009 to the present.

10

48.     Defendants' sales of non-TAA compliant goods to government agencies was knowing and intentional.

49.     Many manufacturers, including HP, use country codes in their product serial numbers. Defendants knew the country codes.

50.     With respect to HP, SOMA was a HP preferred provider. As a preferred provider, SOMA was required to report to HP all of its HP product sales. Defendant Blumenthal was responsible for reporting SOMA's HP product sales to HP. Blumenthal's reports to HP of SOMA's sales included the product serial number, showing the country of origin, and the customer to whom the HP goods were sold. Each time Mr. Blumenthal reported SOMA's sales to HP, he knew that non-TAA compliant goods had been sold to various government agencies.

51.     Defendant Blumenthal repeatedly instructed Relator, as well as other SOMA employees, to sell non-TAA compliant goods to government agencies so not to lose government agency sales. Many government agencies purchase supplies near the end of the fiscal year. Often due to the large volume of sales at the end of the government's fiscal year, TAA compliant goods were not in stock with some of SOMA's suppliers. Rather than lose the sale to the agency or find other suppliers with TAA compliant goods in stock, Blumenthal instructed Relator and other SOMA employees to supply the non-TAA compliant goods to the government agencies.

52.     Defendants repeatedly sold non-TAA compliant goods to government agencies from SOMA favored suppliers who provided SOMA better credit and other terms.

53.     Defendants were incentivized to sell non-TAA compliant HP goods to government agencies due to the bonuses SOMA earned from HP, if SOMA exceeded various HP sales projections. SOMA has repeatedly been a high sale performer for HP and reaped the benefit of those substantial bonuses from HP.

54.     Relator was repeatedly instructed by Blumenthal not to discuss or provide serial numbers which would reveal the country of origin to GSA or other government agencies.

11

55.     Blumenthal was always at SOMA whenever there was a periodic inspection or review by GSA so he could control what was presented or provided to the GSA inspector.

56.     Defendants made false statements and claims to the United States by selling non-TAA compliant goods to the government agencies.

57.     Had the procuring agencies known of the true countries of origin of the products they purchased, they would not have purchased the non-TAA compliant goods from SOMA.

58.     The government agencies, including GSA, relied to their detriment on SOMA's false certifications and representations that all products for sale on SOMA's FSS contracts were manufactured in the United States or a Designated Country.

59.     In addition to repeatedly selling non-TAA compliant goods and products to the United States, upon information and belief, SOMA routinely fails to provide the best price or discount to its GSA FSS contract goods and routinely provides its non-government private or commercial sector customers with greater discounts and/or lower prices.

60.     The United States has been and continues to be injured by Defendants' false statements, certifications and claims intended to conceal SOMA's material violations of the country-or-origin provisions of its FSS contracts and the TAA.

## COUNT I

### Violations of False Claims Act – Presentation of False Claims

61.     Relator realleges and incorporates paragraphs 1-58 of this Complaint as if fully set forth herein.

62.     In performing the acts described above, Defendants, through his/its own acts or through the acts of its officers, knowingly and/or recklessly presented, or caused to be presented, to an officer or employee of the United States Government, false or fraudulent claims for payment or approval in violation of 31 U.S.C. § 3729(a)(1)(A).

12

63.     These claims were false and fraudulent because Defendants made claims for payments knowing that they had supplied non-TAA compliant goods to the government agencies and hid that information from the government agency and GSA.

64.     The United States, unaware of the foregoing circumstances and conduct of the Defendants, made full payments that would otherwise have not been paid and/or were ineligible for payment, which resulted in its being damaged in an amount to be determined.

65.     By reason of each Defendants' wrongful conduct, the United States has been damaged by the payment of false and fraudulent claims.

WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against the Defendants:

To the United States:

(1)     Three times the amount of actual damages which the United States has sustained as a result of Defendants' conduct;

(2)     A civil penalty of not less than $5,500 and not more than $11,000 for each false claim which Defendants presented or caused to be presented to the United States;

(3)     Pre- and post-judgment interest; and

(4)     All costs incurred in bringing this action.

To Relator:

(1)     The maximum amount allowed pursuant to § 3730(d) of the False Claims Act and/or any other applicable provision of law;

(2)     Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3)     An award of reasonable attorney's fees and costs; and

(4)     Such further relief as this Court deems equitable and just.

13

## COUNT II

### Violation of False Claims Act – False Statements

66.     Relator realleges and incorporates paragraphs 1- 58 of this Complaint as if fully set forth herein.

67.     In performing the acts described above, each Defendant through his/its own acts or through the acts of its officers, knowingly made, used, or caused to be made or used, a false record or statement to get false or fraudulent claims paid or approved by the Government in violation of 31 U.S.C. § 3729(a)(1)(B).

68.     Such records or statements include the false certifications alleged herein.

69.     The United States, unaware of the foregoing circumstances and conduct of the Defendants, made full payments which resulted in its being damaged in an amount to be determined.

70.     By reason of each Defendants' wrongful conduct, the United States has been damaged by the payment of false and fraudulent claims.

WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against the Defendants:

To the United States:

(1)     Three times the amount of actual damages which the United States has sustained as a result of Defendants' conduct;

(2)     A civil penalty of not less than $5,500 and not more than $11,000 for each false record or statement Defendants made to get false or fraudulent claims paid or approved by the Government;

(3)     Pre- and post-judgment interest; and

(4)      All costs incurred in bringing this action.

To Relator:

(1)     The maximum amount allowed pursuant to § 3730(d) of the False Claims Act and/or any other applicable provision of law;

14

(2)     Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3)     An award of reasonable attorney's fees and costs; and

(4)     Such further relief as this Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Relator demands a jury trial on all claims alleged herein.

Respectfully submitted,

DUANE MORRIS LLP

Teresa N. Cavenagh, Esquire
tncavenagh@duanemorris.com
Michael M. Mustokoff, Esquire
mmustokoff@duanemorris.com
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1808

Attorneys for Plaintiff/Relator

15

DM1\6372067.1